UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

BRIAN TOBOYEK,

       Plaintiff,

    v.                                       Case No.: 22-786

WISCONSIN PUBLIC SERVICE CORPORATION,

and

RYAN SOLLBERGER
Individually and as agent for
Wisconsin Public Service Corporation,

       Defendants.

## COMPLAINT

NOW COMES the Plaintiff, Brian Toboyek, through his counsel, Alan C. Olson & Associates, S.C., as and for a Complaint against the above-named Defendants, Wisconsin Public Service Corporation and Ryan Sollberger, alleges as follows:

**NATURE OF THE CASE**

1.    Plaintiff, Brian Toboyek, alleges that Defendants, Wisconsin Public Service Corporation, ("WPS") and Ryan Sollberger, unlawfully invaded Toboyek's privacy by publicly sharing Toboyek's confidential health information to all of WPS's 8,000 employees without his knowledge or consent. Defendants' actions were in violation of Wis. Stat. § 995.50, which prohibits the unauthorized public disclosure of private information.

## JURISDICTION AND VENUE

2.     Jurisdiction over Toboyek's state law invasion of privacy claim is conferred on this Court by 29 U.S.C. § 185(a).

3.     The Eastern District of Wisconsin is the proper venue for this action because WPS' principal office is located in Milwaukee County and all Defendants reside in Wisconsin.

## CONDITIONS PRECEDENT

4.     All conditions precedent to this action have been performed or have otherwise occurred.

## JURY DEMAND

5.     Toboyek demands that his case be tried to a jury of his peers.

## PARTIES

6.     Plaintiff, Brian Toboyek ("Toboyek") is an adult who resides at 207400 County Road X, Mosinee, WI 54455.

7.     Defendant, Wisconsin Public Service Corporation ("WPS") is a corporation organized and existing under the laws of the State of Wisconsin, with its principal office located at 231 W. Michigan Street, Milwaukee, WI 53203, and its registered agent being Corporate Creations Network, Inc., located at 4650 W. Spencer Street, Appleton, WI 54914-9106.

8.     Defendant, Ryan Sollberger ("Solberger"), is a WPS employee who resides at 7409 Wall Street, Schofield WI 54476.

## OPERATIVE FACTS

9.     On or about January 6, 2006, Toboyek commenced his employment with

2

Defendant, WPS, and ultimately held the position of control operator at the Weston Power Plant, located at 2499 Old Hwy 51, Kronenwetter, WI 54455.

10. Due to COVID-19, WPS implemented a mandatory mask policy that required employees to wear a mask or face-covering while working inside a company facility.

11. Toboyek frequently observed his co-workers without masks in the company facility in violation of the mandatory mask policy.

12. Toboyek repeatedly reported his concerns that employees were not complying with the mandatory mask policy to his manager, Len Rentmeester, but no remedial action was taken.

13. On or about December 11, 2021, Toboyek's co-worker, Kennie Lambert, entered the elevator without a mask.

14. Toboyek requested Lambert to wear a mask and Lambert refused.

15. Within a few hours that day, Lambert tested positive for COVID-19 and was sent home.

16. On or about December 15, 2021, Toboyek contacted WPS' Vice President, Paul Spicer, to convey his concerns about the constant violations of the mandatory mask policy at the Weston Power Plant.

17. Spicer responded that he would talk to Rentmeester about WPS' expectation that the mandatory mask policy would be enforced.

18. There was no improvement in the enforcement of the mask policy.

19. Toboyek suffered emotionally and physically from constant fear that he would be infected with the COVID-19 virus due to WPS' failure to enforce its mandatory

mask policy.

20.     On or about December 19, 2021, Toboyek saw that Lambert was back at work only eight days after he was tested positive for COVID-19.

21.     On December 20, 2021, Toboyek was instructed by his healthcare provider to take a medical leave from work from December 23, 2021 through January 20, 2022, due to his emotional and physical suffering related to WPS' failure to enforce its mandatory mask policy.

22.     On December 20, 2021, Toboyek talked to the WPS designated medical professional, Belinda Graves, for the purpose of health counseling.

23.     Toboyek discussed his health concerns with Graves, disclosing information that was protected under Wis. Stat. § 146.82 and the Health Information Portability and Accountability Act (HIPAA), which protect an individual's private health information.

24.     Toboyek shared private information relating to his health and concerns about COVID-19 with Graves.

25.     Graves transmitted this information to Sollberger.

26.     Toboyek never consented or gave any permission for Defendants to release or disclose his private medical information.

27.     When Toboyek returned from his medical leave on January 21, 2022, he was told by his co-workers that his medical information had been circulated on a printed document and was uploaded on the WPS' intranet, accessible to all WPS employees.

28.     After Toboyek's return from medical leave, he was constantly asked by his coworkers about his emotional and physical ailments.

4

29.     Toboyek was told that he put his job in jeopardy by disclosing his health conditions to WPS.

30.     On February 3, 2022, Toboyek received a screenshot of the intranet as well as a print-out of that intranet from his colleagues which described Toboyek's detailed medical counseling discussion with Graves regarding his concerns about mask policy violations, his mental health and stress.

31.     Toboyek was shocked, outraged and mortified to learn that his confidential and private medical information had been released by WPS and Sollberger to approximately 8,000 WPS employees and many others.

32.     The publicity given to Toboyek's medical information was highly offensive to Toboyek.

33.     Prior to Defendants' unauthorized disclosure of Toboyek's medical information, the information was in no way public or a matter of public record.

34.     On February 3, 2022, Toboyek was placed on a medical leave due to anxiety and high blood pressure resulting from the disclosure of his private and confidential medical information by Sollberger and WPS.

35.     WPS and Sollberger's disclosure of Toboyek's private and confidential medical information violated Wisconsin's right of privacy statute's clear prophylactic intent, designated not only to redress harm but to alter societal behavior that, as a matter of public policy, is deemed unacceptable.

36.     The disclosure and discussion of Toboyek's private and confidential medical information violated the Wisconsin right of privacy statute's aim to affect the behavior of individuals to encourage respect for personal dignity and basic rights.

5

37. The disclosure and discussion of Toboyek's private medical information violated his "right to be let alone" protected by Wisconsin's right of privacy statute.

38. The actions of WPS and Graves violated Toboyek's fundamental right to privacy under Wis. Stat. § 146.82 and Wis. Stat. § 995.50(2)(am)3 which protect against publicity given to a matter concerning the private life of another, of a kind highly offensive to a reasonable person.

39. Toboyek brings this action to restore his personal dignity or reputation, and to prevent future invasions.

40. Toboyek brings this action for equitable relief to prevent and restrain such invasion, and reasonable amount for attorney fees.

41. WPS and Sollberger, acting unreasonably or recklessly as to whether there was a legitimate public interest in Toboyek's private and confidential medical information, or with actual knowledge that none existed, gave publicity to a matter concerning the private life of Toboyek, of a kind highly offensive to a reasonable person in the intrusive and reckless manner.

42. Sollberger acted individually and within the scope of his agency with WPS when he violated Toboyek's privacy in the intrusive and reckless manner in which he disclosed Toboyek's confidential medical information.

43. WPS is vicariously liable under the doctrine of *respondeat superior* for the intentional torts committed by Sollberger in violating Toboyek's privacy.

44. Defendants' conduct violated Toboyek's fundamental right to privacy and caused harm to the personal and professional reputation of Toboyek, so as to lower him in the estimation of the community; caused him to incur expenses, and suffer emotional

distress, mental anguish, stress, and humiliation, all to his damage.

45.     The intrusive and reckless manner in which WPS and Sollberger disclosed and uploaded, on WPS's intranet available to all of its employees, Toboyek's private and confidential medical information was substantially certain to become one of public knowledge.

46.     Toboyek is subject to a collective bargaining agreement, but the plain language of that agreement does not relate to Toboyek's claims.

**CLAIM FOR RELIEF**
**INVASION OF PRIVACY**

47.     As and for a claim for relief, Toboyek re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

48.     The allegations more particularly described above constitute violations of Wis. Stat. § 995.50(2)(am)3 by the publicity given by Defendants to Toboyek's private life of a nature highly offensive to a reasonable person.

49.     Defendants acted both unreasonably and recklessly in disclosing Toboyek's private medical information, as there was plainly no legitimate public interest in disclosing information that is protected by both state and federal law.

50.     Toboyek had a reasonable right to be free from unlawful and unreasonable intrusions upon his privacy.

51.     Said unlawful invasion of privacy constituted actions in disregard to the privacy rights of Toboyek relating to his right to be free from unlawful intrusions upon a place that a reasonable person would consider private, in violation of Wis. Stat. § 995.50(2)(am)3, causing Toboyek to suffer invasion of his privacy, emotional distress, mental anguish, stress, humiliation and harm to reputation and livelihood, all to his

7

damage.

WHEREFORE Plaintiff, Brian Toboyek, demands relief as follows:

A.     Joint and Several judgments against Defendants awarding Toboyek compensatory damages based on his loss, pursuant to Wis. Stat. § 995.50(1)(b) and common law;

B.     Joint and Several judgments against Defendants awarding Toboyek punitive damages deemed sufficient to punish and deter the Defendants from engaging in said tortious conduct now and in the future, pursuant to Wis. Stat. § 995.50(4) and common law;

C.     Joint and Several judgments against Defendants awarding Toboyek a reasonable attorney's fee and other litigation costs reasonably incurred, pursuant to Wis. Stat. § 995.50(1)(c);

D.     Joint and Several judgments against Defendants awarding Toboyek damages for emotional pain, suffering, humiliation, embarrassment, and mental anguish, pursuant to Wis. Stat. § 995.50 and common law; and,

E.     Such other relief as the Court deems just and equitable.

Dated this 8th day of July, 2022.

s/Alan C.Olson
Alan C. Olson, SBN: 1008953
Nicholas O. Yurk, SBN: 1095278
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com
